UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **3ST RESEARCH LLC,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**ALBANY MOLECULAR RESEARCH, INC.,**<br><br>Defendant. | Civ. No. 2:17-5578 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    3ST Research LLC ("3ST") and John Thottathil ("Thottathil," and together with 3ST, "Plaintiffs") filed suit against Albany Molecular Research, Inc. ("AMRI"), alleging intentional interference with Thottahil's ownership and inventorship interests in pending patent applications for which he suffered damages. Thottathil's claims in essence rest on AMRI's failure to name him as the sole inventor in the filed applications for which no patents have issued. AMRI filed this motion to dismiss, asserting federal law provides no private right of action to challenge inventorship determinations on pending patent applications. But should the Court find any claim as alleged provides grounds for relief, it requests transfer under 28 U.S.C. § 1404(a) to another venue. No oral argument was held. FED. R. CIV. P. 78(b). For the reasons below, the motion to dismiss is **GRANTED** and the motion to transfer is **DENIED** as moot.

    **I.    BACKGROUND**

    Thottathil invented a prodrug technology (the "Technology") to offset the effects of prescription opioid drugs and entered into an agreement with Waterville Valley Technologies ("WVT") to commercialize the Technology. Compl. ¶¶ 8, 16–17, ECF No. 1. To further the goal to commercialize the Technology, WVT contracted with AMRI—a contract research and manufacturing company—to test, develop, and conduct laboratory research under Thottathil's supervision. *Id.* ¶¶ 15, 19, 31.

    In April 2016, WVT filed the Waterville Non-Provisional Patent Application ("WNPA"), naming only WVT and AMRI employees as inventors. *Id.* ¶ 53. Months later, based on the WNPA, AMRI filed two patent applications known as the "AMRI Continuation Applications" ("AMRI CA"). *Id.* ¶ 57.[1] Thottathil and AMRI scientists

---

[1] Although absent from the Complaint, Thottathil claims to have filed a patent on the Technology in November 2015. *See* Pls.' Opp'n 3, ECF No. 10. Apart from this single conclusory statement, Plaintiffs have marshaled no well-pleaded facts to credit this conclusion.

1

were named as co-inventors in the AMRI CA. *Id.* ¶ 58. As to the WNPA and AMRI CA, the United States Patent and Trademark Office ("USPTO") has yet to act on these patent applications (the "Applications").

The crux of Thottathil's claims is that AMRI failed to name him as the sole inventor in the Applications. And based on the Applications, Plaintiffs' Complaint alleges six causes of action against AMRI. Specifically, conversion of intellectual property rights (Counts I and II), *see id.* ¶¶ 73–80, 81–88; tortious interference with prospective economic advantage and business contracts (Counts III and IV), *see id.* 89–97 ¶¶ 45, ¶¶ 98–107; and judicial declarations of inventorship (Counts V and VI). *See id.* ¶¶ 108–111, ¶¶ 112–115. AMRI seeks to dismiss the Complaint because the Court cannot correct a named inventor when federal law provides no private right of action for determinations of inventorship on pending patent applications. This inability to seek a judicial determination renders the remaining conversion and tortious interference claims deficient. *See* Def.'s Mem. 2, ECF No. 9–1. Yet, if any claim survives this motion to dismiss, AMRI requests transferring this action to the Northern District of New York where a related case remains active. *Id.* at 15.

Plaintiff responds that the America Invents Act, which changed the patent system, allows this Court to hear the inventorship dispute. *See* Pls.' Opp'n 1. As part of this change, Plaintiffs argue there lacks an administrative route through the USPTO to resolve its inventorship dispute. *Id.* at 4–5. Thus, Plaintiff suggests a private right of action exists to correct patent inventorship in a patent application. In reply, Defendant reasserts its arguments that, per Federal Circuit precedent, this Court can only hear inventorship disputes on issued patents, not on pending applications. Def.'s Reply 1, ECF No. 12.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability

requirement,' [ ] it asks for more than a sheer possibility." *Id*. (citation omitted).

## III. DISCUSSION

The gist of Thottahil's claims center on AMRI's failure to name him as the sole inventor in the Applications. He does not assert that he has tried to have the omission corrected during the pendency of the Applications and does not describe, in not being named the sole inventor on the Applications, how he suffered damages. In all, Thottahil's claims are not ripe for adjudication because no patent has issued. Thus, the Court will grant Defendant's motion to dismiss.

### A. Declaratory Judgment of Inventorship on Patent Applications (Counts V and VI)

Federal courts have original jurisdiction over claims "arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). While true that "issues of inventorship, infringement, validity, and enforceability present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)," with no patents issued, Plaintiffs cannot assert claims to correct inventorship. *See Bd. of Regents, Univ. of Tex. Sys., ex rel. v. Nippon Tel. & Tel. Corp.*, 414 F.3d 1358, 1363 (Fed Cir. 2005) (citation omitted); 35 U.S.C. § 116. On that basis, there is no private right of action to challenge inventorship on pending patent applications. *See HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010).

Once the USPTO issues a patent, a party may seek redress in federal court to correct inventorship. 35 U.S.C. § 256. In addition, federal law allows the Director of the USPTO to permit and act on amendments to a patent application. 35 U.S.C. § 116; *see HIF Bio, Inc.*, 600 F.3d at 1353 (citation omitted). With no patents issued here, the question of inventorship remains solely with the USPTO. Since the Court is precluded from acting on the Applications, it lacks the ability to offer Thottahil any relief. Also, Thottahil has failed to go through the USPTO to remedy the perceived deficiencies in the Applications. 35 U.S.C. § 116. Thus, with no correction to be made to an issued patent and Thottahil's failure to seek amending the Applications through the USPTO, the Court cannot adjudicate the declaratory claims for inventorship. Thus, Counts V and VI are **DISMISSED WITHOUT PREJUDICE**.

### B. State Law Claims for Conversion (Counts I and II) and Tortious Interference with Prospective Economic Advantage and Business Contracts (Counts III and IV)

Despite Plaintiffs' attempts to paint its conversion and tortious interference claims as to the Technology differently from its inventorship allegations, the record belies such assertion. When a claim rests on a determination of "the true inventor of an invention disclosed in a pending patent application," a district court should dismiss such claims for failure to state a claim. 600 F.3d at 1355 (citation omitted).

The bulk of Thottahil's conversion and tortious interference allegations revolve around the question of inventorship in the Applications. As to the conversion claims, whether Plaintiffs have a right of possession to the Applications hinges on the Court

determining if Thottahil is indeed the sole inventor of the inventions claimed in those Applications. *See* Compl. ¶¶ 77–79 (Count I); ¶¶ 85, 87 (Count II). The same reasoning applies to the tortious interference claims because Plaintiffs allege AMRI wrongly sought ownership of the WNPA and then unjustifiably interfered in a contract between Thottathil and WVT and the filing of the AMRI CA. *Id.* ¶ 96. As alleged, AMRI's interfering conduct also hindered Thottathil's ability to enter into business relationships with third parties. *Id.*

All roads lead to Rome here. The conversion and tortious interference claims share a common core of facts and are premised on Thottathil's assertions that he is the sole inventor of the inventions claimed in the Applications. Since the inventorship issue is not ripe for adjudication, that Court is precluded from determining whether Plaintiffs sufficiently allege AMRI's actions caused damages. Thus, the claims asserted in Counts I-IV are **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE** and its motion in the alternative to transfer venue is **DENIED** as moot. An appropriate order follows.

          */s/ William J. Martini*
          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 8, 2018**